EMERSON CALDWELL v. THE STATE.

No. 4248.   Decided November 22, 1916.

**1.—Arson—Corroboration—Sufficiency of the Evidence.**

Where, upon trial of arson, the evidence, although conflicting and was chiefly that of an accomplice, which was sufficiently corroborated, sustained the conviction, there was no reversible error.

**2.—Same—Newly Discovered Evidence—Affidavits—Presumption.**

In the absence of testimony upon which the trial judge based his finding in overruling the motion for new trial setting out newly discovered evidence, the presumption is that the court ruled correctly, although the motion was supported by affidavits.

Appeal from the District Court of Red River. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of arson; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Travis T. Thompson,* for appellant.—On question of newly discovered evidence: Harris v. State, 18 Texas Crim. App., 287; Templeton v. State, 5 id., 398.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of arson, his punishment being assessed at five years confinement in the penitentiary.

The evidence is conflicting. The State relied upon accomplice's testimony and such corroboration as was obtainable. We are of opinion that the corroboration is sufficient under the statute, and tends to connect the defendant with the burning. The accomplice makes out a clear case not only against appellant but himself.

Newly discovered testimony was set up in the motion for a new trial, supported by a couple of affidavits. The court signs the bill of exceptions by stating that he heard testimony with reference to these affidavits and this matter on the motion for new trial, and ruled against the defendant. This evidence is not before this court in any way, either by bill of exceptions or in statement of facts. The affidavits

are in the record, but the court practically eliminates their consideration by stating that he heard evidence in regard to the matter set up and found against appellant. We think this disposes of the matter adversely to appellant. We can not review it in the absence of the testimony upon which the judge based his finding. If the defendant believed there was error in this ruling, the testimony should have been before this court as a predicate for its action. In the absence of the testimony the presumption will obtain that the court ruled correctly. This is the only matter relied upon, it seems, by appellant, and it is not well taken.

The judgment will be affirmed.

*Affirmed.*

HARPER, JUDGE, absent.